IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**RISIE HOWARD, as Personal Representative**
**Of the Estate of Mrs. George Howard, Jr.**                              **PLAINTIFF**

V.                                            **4:22CV00995 JM**

**HORMEL FOODS CORPORATION**
**Jim Snee, Chairman of the Board**                                       **DEFENDANT**

## ORDER

Plaintiff has filed a motion for entry of default judgment in this case. Ms. Howard contends that the Defendant is in default because it did not answer the Complaint within the time prescribed in state court. Plaintiff filed her Complaint in state court on September 13, 2022. Defendant did not respond to the Complaint, but instead Defendant filed a Notice of Removal in this Court on October 13, 2022. Six days later Defendant filed a motion to dismiss pursuant to Rule 12(b)(6).

> [I]f a defendant in a removed action has not answered the complaint prior to removal, he must answer or present the available defenses or objections under the federal pleading rules within 21 days after the receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action is based, or within 21 days after being served with the summons for a previously filed complaint, or within 7 days after the filing of the notice of removal, whichever period is longest.

14C Fed. Prac. & Proc. Juris. § 3738 (Rev. 4th ed.). Defendant filed its motion to dismiss within 7 days of filing the notice of removal. Defendant is not in default. Plaintiff's motion is denied.

Further, Rule 55 of the Federal Rules of Civil Procedure contemplates a two-step process for the entry of default judgments. First, pursuant to Rule 55(a), the party seeking a default judgment must have the Clerk enter a default by submitting the required proof that the opposing party has failed to plead or otherwise defend. Second, pursuant to Fed. R. Civ. P. 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule. *See Dahl v.*

*Kanawha Inv. Holding Co.,* 161 F.R.D. 673, 683 (N.D. Iowa 1995). "Entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998); *see also Hagen v. Sisseton-Wahpeton Community College,* 205 F.3d 1040, 1042 (8th Cir. 2000) (citing *Johnson* for this requirement). In this case, there has been no motion for default under Rule 55(a). Thus, the Plaintiff's motion must be denied.

For these reasons, Plaintiff Motion for Entry of Default Final Judgment (ECF No. 16) is DENIED.

IT IS SO ORDERED this 7th day of February, 2023.

_____
James M. Moody Jr.
United States District Judge